THE CANADIAN AND AMERICAN MORTGAGE AND TRUST COMPANY, LIMITED, ET AL. V. THE EDINBURGH-AMERICAN LAND MORTGAGE COMPANY, LIMITED, ET AL.

Decided June 3, 1897.

### 1. Trustee—Sale to Himself—Agency.

The evidence supporting the finding of the trial court that an agent having power to make loans for a loan company, and who had secured the loan by a deed of trust with power of sale in which he was named as trustee, had no general agency for the company, he was but a naked trustee; and his acts in declaring the notes due and having the property sold and a sale and conveyance by him to himself as purchaser, without authority from the loan company, left him still holding the property in trust for such company.

### 2. Same—Limitation.

Until his purpose to repudiate the trust was clearly indicated, which was here first done by his conveyance to a third party, limitation would not run against his principal.

### 3. Same—Parties—Trustee.

Where the suit was brought within the proper time against the holder of the beneficial interest under such conveyance by the trustee, a failure to make a party defendant an agent who held title in trust for such beneficiary until after the period of limitation, would not bar the action.

### 4. Same—Innocent Purchaser—Notice.

The facts apparent in such unauthorized sale by the trustee to himself were sufficient to put upon inquiry a subsequent purchaser of the title acquired by the trustee as such purchaser, and in default of proper inquiry he would not be protected against the title of the trustee's principal, though buying without knowledge of such trustee's lack of authority.

ON MOTION FOR REHEARING.

### 5. Trust—Express or Implied.

The authorized sale by the trustee to himself did not alter his relation to his principal from an express to an implied trust.

### 6. Findings of Fact—Different Cases—Same Testimony.

The affirmance, upon appeal, of a judgment in which the trial court, upon the same facts, in another case, found the agency of the trustee to be general, and to authorize his sale, did not conclude the court in this case. The evidence being conflicting, the appellate court was bound in each case by the conclusions of the trial court therein, though different conclusions were reached.

APPEAL from Collin. Tried below before Hon. J. E. DILLARD.

*Cobb & Avery,* for appellants.—1. A sale by a trustee in a deed of trust to himself is voidable only, not void. Bohn v. Davis, 75 Texas, 25; Connolly v. Hammond, 51 Texas, 647; Howards v. Davis, 6 Texas, 183; Pridgen v. Adkins, 25 Texas, 390; 2 Jones on Mort., sec. 1876.

2. A suit to cancel a deed is a personal suit, and is barred by the statute of limitation of four years. Cooper v. Lee, 75 Texas, 114; Railway v. Titterington, 84 Texas, 218; Evans v. Goggan, 5 Texas Civ. App., 129; Shirley v. Railway, 78 Texas, 147; 27 Am. and Eng. Encyc. of Law, 205; Hawley v. Page, 77 Iowa, 239.

3. Fraud will only suspend the statute of limitation until the fraud is discovered, or by the use of reasonable diligence might have been discovered. Cooper v. Lee, 75 Texas, 114; Railway v. Titterington, 84 Texas, 218; Kennedy v. Baker, 59 Texas, 150; Bremond v. McLean, 45 Texas, 10; Kuhlman v. Baker, 50 Texas, 636; Alston v. Richardson, 51 Texas, 1.

4. It is not sufficient for the pleading to assert the conclusion that the fraud could not have been discovered by the use of reasonable diligence; but it must state the facts in order that the court may see whether they justify and support such a conclusion. Cooper v. Lee, 75 Texas, 114; Bremond v. McLean, 45 Texas, 19.

5. The allegation that the facts upon which the cause of action rests was concealed from plaintiff by defendant will not prevent the running of the statute of limitation. Anding v. Perkins, 29 Texas, 354; Kennedy v. Baker, 59 Texas, 160; Ripley v. Withee, 27 Texas, 17.

6. When a deed of trust provides that in any deed made by the trustee thereunder all statements of fact in said deed contained as to any preliminary thing having been duly done to authorize the sale, shall be taken as prima facie evidence of the truth of such statements, and without fur-

ther question be accepted, and said trustee's deed recites that all the necessary preliminary things were done, purchasers are relieved from all necessity of inquiring into the regularity of the sale proceedings, and may rely on the recitals of the deed. · 26 Am. and Eng. Encyc. of Law, 937; 2 Jones on Mort., sec. 1895; 1 Dev. on Deeds, sec. 425; Jesson v. Land and Loan Co., 21 S. W. Rep., 625; Carey v. Brown, 62 Cal., 373; Carter v. Abshire, 48 Mo., 300.

7. If the title of the trustee has passed into a bona fide purchaser for value and without notice, the sale can not afterwards be impeached. 2 Jones on Mort., sec. 1886; 1 Dev. on Deeds, sec. 427; 26 Am. and Eng. Encyc. of Law, 937; Merchant v. Woods, 27 Minn., 396; Fairman v. Peck, 87 Ill., 156; Hamilton v. Lubukee, 51 Ill., 415; Burns v. Thayer, 115 Mass., 89; Robbins v. Bates, 4 Cush., 104.

8. The principal is bound by the act of the agent within the apparent authority which he permits the agent to assume, or which he holds the agent out to the public as possessing. Hull v. Railway, 66 Texas, 621; Railway v. Nicholson, 61 Texas, 498; Collins v. Cooper, 65 Texas, 466; Railway v. Ragsdale, 67 Texas, 26; Railway v. Hill, 63 Texas, 384; Strange v. Railway, 53 Texas, 170; Merriman v. Fulton, 29 Texas, 106; McAlpin v. Ziller, 17 Texas, 508.

9. The frequent exercise of power by an agent, which from its nature must have been known to the principal, may be regarded by persons dealing with the agent as sufficient evidence of the real existence of the power which the agent assumes to exercise. Hull v. Railway, 66 Texas, 619; Railway v. Ragsdale, 67 Texas, 26; Collins v. Cooper, 65 Texas, 466; 1 Am. and Eng. Encyc. of Law, 1196.

*Gano, Gano & Gano*, for appellees.—1. A trustee or agent can not declare the debt of his principal due on account of default in interest when such declaration is dependent upon the election of the owner and holder of the note. Hudson v. Randolph, U. S. C. C. A., 5 Cir., Nov., 1894.

2. A trustee or agent with power to sell can not sell to himself unless expressly authorized so to do, and where he attempts to do so no title is vested unless his act is ratified by his principal. Everett v. Henry, 67 Texas, 402; Wethered v. Boone, 17 Texas, 146; Saltmarsh v. Beene, 30 Am. Dec., 527; Wade v. Pettibone, 37 Am. Dec., 408.

3. A trustee can not sell to himself; and when the fact that he has done so appears in the line of one's title, such person must be held to have knowledge of the fraud and can not claim as an innocent purchaser, but stands in the same position as the trustee. Everett v. Henry, 67 Texas, 403.

4. There can not be a ratification of a transaction without full knowledge of the same, since there is nothing upon which to base the acquiescence until after such notice.

5. Where suit is instituted against the maker of notes in time to escape the bar of the statute of limitation, the foreclosure of the lien against the claimants to the lands given to secure the note may be made

afterwards.   Kempner v. Comer, 73 Texas, 203; Ball v. Hill, 48 Texas, 634; Perkins v. Sterne, 23 Texas, 561; McAlpin v. Burnett, 19 Texas, 500; 2 Jones on Mort., 936.

6.   There is a broad distinction between cases founded upon a right growing out of and based upon the fraud in an authorized transaction— such as where deeds are secured by misrepresentations—and cases founded upon a right which is attempted to be defeated by unauthorized acts fraudulent in law or fact.   In the former case reasonable diligence must be exercised or the right is, as a general rule, lost; while in the latter case actual knowledge of the unauthorized and fraudulent act and a ratification thereof, express or implied, must be shown in order to defeat the case.   Cunningham v. Holcomb, 21 S. W. Rep., 125; Bank v. Jones, 18 Texas, 825; Leach v. Wilson County, 68 Texas, 356.

7.   If a trustee sells to himself, the principal may elect to hold him as a constructive trustee when the unauthorized act is discovered; and would not be bound by a sale to other parties, unless such sale should be authorized, approved, or ratified, since such named trustee as such would have no power in law to make such sale.

8.   Pleading need allege only want of knowledge, or nondiscovery of the fraud—if indeed the burden is not on the party claiming under such act to allege and prove the authority, approval, or ratification.   But if this were not true, the objections raised by appellants' fourth and fifth propositions could only be presented by special exceptions.   Everett v. Henry, 67 Texas, 402; McAlpin v. Cassidy, 17 Texas, 449; Wade v. Pettibone, 37 Am. Dec., 408; Saltmarsh v. Beene, 30 Am. Dec., 527; Flint on Trustees, secs. 168, 301 and 316.

9.   The statutes of limitation could not in any event apply to Cobb's alleged interest in the lands, since he held the properties merely as trustee for the appellant, Canadian and American Mortgage and Trust Company, Limited, which was made a party to the suit in 1893.

10.   The provisions in the deed of trust as to the recitals to be made in the trustee's deed and their effect, did not embrace the power to declare the notes due (which was given exclusively to the holder thereof), but covered only the fact of nonpayment, outside of those preliminary acts and things to be done by the trustee himself; and under the law these recitals are limited in effect to such provisions.

FISHER, CHIEF JUSTICE.—On February 27, 1893, the Edinburgh-American Land Mortgage Company, Limited, plaintiff below, filed its original petition against James B. Simpson, Jeff Davis, Rebecca Davis, J. N. Hughes, S. L. Cooper, A. T. Cooper, the Canadian and American Mortgage and Trust Company, Limited, M. A. King, L. E. King, and E. B. Hacker, defendants, in which it set forth that on April 27, 1887, James B. Simpson was its agent for loaning money, and as such made a loan of $2240 to Jeff Davis, evidenced by two notes of $1120 each, and took as security therefor a deed of trust on certain land in Collin County, Texas, made by Jeff and Rebecca Davis to James B. Simpson, trustee,

and by foreclosure of said deed of trust it became and was the owner of the land; that after the execution of the deed of trust James B. Simpson foreclosed it without its knowledge, and as trustee made a deed to said land to himself individually; that afterwards said James B. Simpson made a deed for said land to S. L. Cooper, and S. L. Cooper and A. T. Cooper made a deed of trust on it to secure the Canadian and American Mortgage and Trust Company, Limited, in the payment of $1500, and S. L. Cooper and A. T. Cooper made a deed for it to M. A. King, and M. A. King and L. E. King made a deed for it to E. B. Hacker; that the deed from Simpson, trustee, to Simpson was void, because Simpson had no right to foreclose the deed of trust without the consent of plaintiff, which consent he did not have, and because he had no authority to make the deed to himself; that the deeds from Simpson to Cooper, and from Cooper and wife to King, and from King and wife to Hacker, and the deed of trust from Cooper and wife to secure the Canadian and American Mortgage and Trust Company, Limited, were void because the parties had no power to make them, and they were made without consideration, and with notice that Simpson had violated his trust, etc., and that they constituted clouds upon plaintiff's title. It prayed that said deeds be declared void and canceled, and that plaintiff's title be quieted, and that it have judgment against defendants for $1000 rents; and if that relief be refused, then it prayed for judgment against Jeff Davis on the notes and for foreclosure of its deed of trust.

On June 5, 1893, S. L. Cooper, A. T. Cooper, the Canadian and American Mortgage and Trust Company, Limited, and E. B. Hacker filed their answer, consisting of a general demurrer and general denial.

On January 12, 1895, the Edinburgh-American Land Mortgage Company, Limited, filed its first amended original petition, in which it made Charles C. Cobb a defendant, in addition to the defendants above named, and alleged that J. M. Avery, as substitute trustee under the deed of trust to the Canadian and American Mortgage and Trust Company, Limited, executed a deed for the land to Charles C. Cobb, which was void for the same reasons given in the original petition for avoiding the deeds from Simpson to Cooper, and from Cooper to King, and from King to Hacker, etc., and alleged that said Cobb's deed also constituted a cloud upon plaintiff's title, and asked for its cancellation along with the other deeds, and in all other respects it was substantially the same as the original petition.

Charles C. Cobb was not a party to the suit prior to the filing of this first amended original petition.

On October 22, 1895, S. L. Cooper, A. T. Cooper, the Canadian and American Mortgage and Trust Company, Limited, and E. B. Hacker, filed their amended answer, which consisted of: (1) a general exception; (2) a special exception because the petition showed that the action was barred by statute of limitation of two years; (3) a special exception because the petition showed that the action was barred by the statute of limitation of four years; (4) a special exception because the cause of ac-

tion was a stale demand; (5) a special exception because it appeared that the title to the land was in Charles C. Cobb, and he was a necessary party and was first made a party by the amended original petition, and the cause of action was barred by the statute of limitation of two and four years, and was also a stale demand; (6) a general denial; (7) a plea of statute of limitation of two years; (8) a plea of statute of limitation of four years; (9) a plea of stale demand; (10) a plea that James B. Simpson had authority from plaintiff to do the acts complained of, and plaintiff held him out as having such authority, and permitted him to exercise such authority, and with notice of his acts ratified them, and took no steps to set them aside, and by its great laches and long delay is estopped to complain of them; (11) a plea that they are innocent purchasers and mortgagees of the land for value, without notice and in good faith, and should be protected.

On October 22, 1895, Charles C. Cobb filed his original answer, which consisted of the same exceptions and pleas that are in the amended answer of S. L. Cooper and others, except that the exception numbered 5 in said amended answer was omitted in said Cobb's answer.

On November 2, 1895, the Edinburgh-American Land Mortgage Company, Limited, filed its first supplemental petition in reply to said Cobb's answer, which consisted of: (1) a general demurrer; (2) a special demurrer to the plea of stale demand and innocent purchaser for value, because the same presents no defense; (3) a general denial; (4) a special reply that plaintiff never discovered the frauds complained of in its petition, or that the loan had been foreclosed or disposed of as therein alleged, until some time in 1892, and that as soon thereafter as it could secure the facts connected with the transactions it instituted this suit; that the facts upon which its cause of action rests were up to the time mentioned unknown to the plaintiff, and had been carefully concealed from it by defendants, and that the suit was instituted within a reasonable time after plaintiff was in possession of such facts as enabled it to proceed. It also stated that Cobb purchased the land at the sale under the deed of trust made to secure the Canadian and American Mortgage and Trust Company, Limited, for said company, without paying any consideration therefor, and now holds it for the said company, and that neither he nor his company can claim anything by reason thereof.

On November 2, 1895, the Edinburgh-American Land Mortgage Company, Limited, filed its supplemental petition in reply to the answer of S. L. Cooper et al., which consisted of the same things as were pleaded in the supplemental petition to said Cobb's answer.

The trial was had before the court without a jury, and on November 2, 1895, judgment was rendered in favor of the plaintiff and against Jeff Davis for $3554.50, the amount due on the notes, and against all the defendants for foreclosure of the deed of trust lien on the land made by Jeff Davis and wife to plaintiff, and canceling the deed from James B. Simpson, trustee, to James B. Simpson, the deed from James B. Simpson to S. L. Cooper, the deed of trust from S. L. Cooper and A. T. Cooper

to the Canadian and American Mortgage and Trust Company, Limited, the deed from S. L. and A. T. Cooper to M. A. King, the deed from M. A. and L. E. King to E. B. Hacker, and the deed from J. M. Avery, substitute trustee under the Canadian and American Mortgage and Trust Company's deed of trust, to Charles C. Cobb.

The following deeds and deeds of trust were in evidence:

A deed of trust, dated April 27, 1887, made by Jeff Davis and Rebecca Davis, conveying the land in controversy to James B. Simpson, trustee, to secure the payment of two notes, each for the sum of $1120, made by Jeff Davis and payable to the order of the Edinburgh-American Land Mortgage Company, Limited. This deed of trust provided that the grantors would insure the buildings on the land in an insurance company to be selected by said Simpson, trustee, and would assign the policies to the holders of the notes, and it further provided that, upon failure to pay the notes as they became due, the grantors authorized the said Simpson, trustee, at the request of the Edinburgh-American Land Mortgage Company, Limited, or other holder of the notes, to sell the property after giving notice as provided therein, make deed to the purchaser, etc. This deed of trust also provided that it was especially agreed by the parties thereto that in any deed or deeds given by the trustee thereunder any and all statements of facts therein made as to the nonpayment of the money secured, or as to the time, place, terms of sale, and property to be sold having been duly published, or as to any other preliminary act or thing having been duly done by the said trustee, shall be taken by any and all courts of law and equity as prima facie evidence that the statement or recitals do state facts, and without further question be accepted. Said deed of trust was legally acknowledged and filed for record in Collin County, Texas, on April 28, 1887, and duly recorded.

A deed made by James B. Simpson, dated October 2, 1888, which recites the provisions and powers conferred by the said deed of trust above mentioned, and sets forth that the notes secured thereby having become due by failure to pay the interest, he, said Simpson, as trustee, at the request of the owner and holder of the notes, sold said land at public vendue in accordance with the provisions of the said deed of trust, when the same was struck off to James B. Simpson as the highest bidder, and by virtue of the authority conferred by said deed of trust, and in consideration of the payment of the bid, he conveyed the land to said Simpson in fee. This deed was properly acknowledged, and recorded in the deed records of Collin County, Texas.

A general warranty deed, dated August 29, 1889, made by James B. Simpson, conveying said land to S. L. Cooper in fee, which was properly acknowledged, and recorded in the deed records of Collin County, Texas.

A deed of trust made by S. L. Cooper and wife, conveying said land to John Given and George Hunter Robinson, trustees, to secure the Canadian and American Mortgage and Trust Company, Limited, in the payment of two notes, each for the sum of $750, and containing a power of sale by the trustees in case of default in the payment of the notes, and

authorizing the Canadian and American Mortgage and Trust Company, Limited, to appoint a substitute trustee in case the trustees therein named failed or refused to act. This instrument was properly acknowledged and filed on September 5, 1889, and recorded in the records of deeds of trust of Collin County, Texas.

A general warranty deed, dated December 20, 1889, made by S. L. Cooper and wife, conveying said land to Mrs. L. E. King in fee, which was properly acknowledged, and recorded in the deed records of Collin County, Texas. General warranty deed, dated September 4, 1890, made by Mrs. L. E. King and her husband, conveying the land to Mrs. Bettie Hacker in fee, which was properly acknowledged, and recorded in the deed records of Collin County, Texas.

A deed dated June 7, 1892, made by John M. Avery, substitute trustee under the above mentioned deed of trust made by Cooper and wife to Given and Robertson to secure the Canadian and American Mortgage and Trust Company, Limited, which recites that default had been made in the payment of the money secured by said deed of trust, and that said Avery had been appointed substitute trustee and requested to sell the land, and, in accordance with the provisions of the said deed of trust, he had sold the said land to Charles C. Cobb, and the deed conveys said land to said Cobb in fee. This deed was properly acknowledged, and recorded in Collin County, Texas.

A deed made by S. L. Cooper and A. T. Cooper, dated August 30, 1889, conveying to James B. Simpson lots Nos. 1 and 2 of Eakins, Hughes and Eakins' addition to the city of Dallas, in consideration of ($3000) three thousand dollars cash and the assumption of a note for ($366) three hundred and sixty-six dollars.

The notes described in the above-mentioned deed of trust made by Jeff Davis and wife to James B. Simpson, trustee, together with the coupons thereon.

The defendants then introduced in evidence a deed made by the Canadian and American Mortgage and Trust Company, Limited, and John Given and George Hunter Robertson, dated February 3, 1892, in which said Given and Robertson refused to act as trustees under the above mentioned deed of trust made by Cooper and wife to secure the Canadian and American Mortgage and Trust Company, Limited, appointed John M. Avery as substitute trustees under said deed of trust, with all the powers thereby delegated to said Given and Robertson.

*Opinion.*—The facts show that James B. Simpson, when he purchased the land at the trustee sale made by him, was the agent of appellee, but the extent of his authority as agent was a disputed point in the case. As there is evidence which tends to show that he was not the general agent of appellee, but that his duty extended to making loans for it, we hold that he was not a general agent, with power to declare the notes from Davis to appellee due, and, for his principals, request that the property be sold and the deed of trust foreclosed. We also find that at that

time the appellee held the notes and they were not in the possession of Simpson, and that he made the sale without any previous request by appellee, and that appellee did not know of the sale, and did not discover that it was made and the deed of trust foreclosed by Simpson and deed taken in his name until some time thereafter in the year 1892.

The evidence tends to show that the sale was made for the purpose of defrauding the appellee, and it appears that Simpson has not accounted to appellee for lands purchased by him at the trust sale, or for the consideration thereof. And it also appears that the debt due by Davis has not been paid.

Appellants contend that the suit by the plaintiff is one in effect to set aside and cancel the deed executed by the trustee, Simpson, and those that followed, and that as the suit was brought more than four years after the trustee sold the land to himself, and as more than four years had passed from the date of the deed to defendant Cobb before he was made a party, the action was barred. It is true the deed from Simpson to himself was executed more than four years prior to bringing suit, and it is also true that Cobb was not brought into the case until some time after the suit was filed. But if we admit that the four years statute applies and that the suit is in effect one of cancellation of these deeds as impediments in the way of a foreclosure, which must be removed before a decree of foreclosure can be made, we do not think the action of appellee barred by limitation. If Simpson was not the general agent of appellee, which we hold he was not, and was simply acting under and by virtue of the deed of trust, he would be governed by that instrument, and could only act when the contingencies therein provided for had arisen that authorized him to sell. His authority when tested by that instrument was that of naked trustee, without any interest in the subject of sale. Such being the case, when he purchased in his own name he held a trust for his principal, and until he did something clearly indicating his intention and purpose to repudiate the trust his holding and possession would not be adverse to his principal, but would be in recognition of the superior right of appellee. The first act of Simpson of a public nature which may have been brought to the notice of appellee indicating a purpose to repudiate this trust relation, was the execution of the deed from Simpson to Cooper, which does not appear to have been executed more than four years prior to filing suit. This deed was executed August 29, 1889, and the suit was filed February 27, 1893. The defendant Cobb was brought into the case more than four years after Simpson had sold to Cooper. But as the facts in effect show that he was holding really in trust for the Canadian and American Mortgage and Trust Company, whose agent he was, and as that company was brought into the case when the suit was first filed, he would be affected by the rules of construction that would hold his principal liable.

Appellants insist that they are entitled to protection as innocent purchasers, because defendant Cooper bought from Simpson without notice of the want of authority in Simpson to sell and because he paid full value

for the land. It is true Cooper testified that he purchased without notice of any want of authority in Simpson to sell, and that he supposed he had the authority, and testified to facts showing that he paid a fair consideration for the land. But we do not think he is in a position to assert the rights of an innocent purchaser. He knew when Simpson, as trustee, sold to himself, that the sale, if not void, was voidable, and that the deed executed in pursuance thereof by Simpson to Simpson could be set aside and avoided, or that the parties for whom Simpson was acting could, if they desired, elect to take the benefits of the sale, and that Simpson would in law, in such a case, be holding for them. Knowing these facts, he was put on inquiry as to Simpson's authority, which the evidence shows he did not investigate or inquire into. And it does not appear but that, if he had made inquiry, he could and would have discovered that Simpson did not have the power to sell, or at least that the manner in which he did sell was an abuse of his authority.

We find no error in the judgment and it is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

FISHER, CHIEF JUSTICE.—In the motion for rehearing filed by appellants it is insisted that this court should have held that limitation commenced to run against the title asserted by Simpson and those that claim under him from the time that he sold the land under the deed of trust and executed the deed to himself. This is based upon the assumption that after the execution of the deed, the trust between Simpson and his principal, the Edinburgh-American Land Mortgage Company, ceased to be express; and the trust, if after that time continued at all, was constructive, accompanied with the proposition that the assertion of right under constructive trusts does not defeat the operation of the statutes of limitation.

In this case we need not decide whether this is or not a correct proposition of law, for, in our opinion, the relationship between Simpson and the appellees that was created by the deed of trust was not changed by the unauthorized sale by Simpson to himself of the trust property. The trust, as between these parties, as created by the deed of trust, was express, and Simpson being named as trustee in that instrument, occupied the attitude of an express trustee. He could not, by virtue of his wrongful conduct, change the relationship between himself and his principal. The illegal and unauthorized sale and purchase by himself at the trustee's sale would not have the effect, as between himself and his principal, of converting his position from that of an express trustee into one in which he is only constructively liable.

It is also insisted in the argument on the motion that this court is bound, by the ruling made in the case of the Edinburgh-American Land Mortgage Company, Limited, v. Briggs, reported in 41 Southwestern Re-

porter, 1036, the contention being that in that case the court held, under facts which the appellants claim are identical with the facts developed in this case, that Simpson was the general agent of the appellees, and by virtue of such authority had the power to sell under deeds of trust and foreclose mortgages in favor of appellees.

It is true we so held in the case cited, and there was evidence in that case tending to show that Simpson had such general authority. There is also evidence in this case which tends to show that Simpson had such general authority; and there is also evidence which shows that his authority was limited in the manner found by us in passing upon the facts of the case at bar.

We do not feel any more bound by the decision reached by this court in the case cited, than would be the case of a trial court in one jurisdiction finding differently from a trial court in another jurisdiction upon the same state of facts. The case cited involved the agency of Simpson and his general power to represent the appellees, and was tried in the District Court of Coleman County. The case at bar was tried in a different court. Because the District Court of Coleman County saw fit to believe, in the case before it, that state of facts which tended to establish the general agency of Simpson, and base its judgment thereon, was not binding upon the court that tried this case, although the facts in the two cases may have been identical. Each of the District Courts before whom these two different cases were tried, had the right to judge of the credibility of the witnesses, and where there was a conflict of evidence, could elect to believe either phase of the case which had evidence to support it. And because the District Court that tried this case exercised its privilege to base its judgment upon evidence which tended to establish that Simpson's agency was limited, would not be ground for setting aside that judgment, because some other court had previously concluded that Simpson's agency was general.

The conclusion reached by this court in the case cited, as well as in the case at bar, was based upon the familiar principle that obtains with us, as well as with other courts of appellate jurisdiction, that where there is evidence to warrant the judgment of the court below, although it may have reached a different conclusion on the facts, this court will follow the conclusion reached and will not disturb the judgment of the trial court.

We do not care to discuss other questions presented, and adhere to the former disposition made of this case. Therefore, the motion is overruled.

*Motion overruled.*

Delivered November 24, 1897.